IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| REBECCA HOCKEMEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. FILED: AUG 01, 2008 |
| ) | 08CV4377 |
| RABSA, INC., d/b/a AL'S #1 ITALIAN ) | JUDGE ZAGEL |
| BEEF and ANTHONY DEGEATANO, ) | MAGISTRATE JUDGE DENLOW |
| Individually, ) | RCC |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the PLAINTIFF, REBECCA HOCKEMEYER (hereinafter referred to as "Plaintiff") by and through her attorneys and complaining of the Defendants RABSA, INC., d/b/a AL'S #1 ITALIAN BEEF and ANTHONY DEGEATANO, Individually, (hereinafter collectively referred to as "Defendants") states as follows:

### SUMMARY OF THE CASE

1. Plaintiff brings this action for unpaid overtime compensation, liquidated damages and other equitable and ancillary relief for Defendants' failure to pay overtime wages to Plaintiff for all time worked in excess of forty (40) hours in individual work weeks pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"). Plaintiff also brings claims under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for: (1) Defendants' unauthorized deductions from Plaintiff's wages; and (2) Defendants' failure and refusal to compensate Plaintiff for all time worked.

## BACKGROUND FACTS

2. Plaintiff was employed as an assistant manager by Defendants in the State of Illinois from approximately November 2007 through June 2008.

3. Plaintiff was employed by Defendants as an "employee" as defined by Section (d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(I) of the FLSA, 29 U.S.C. §203(e)(1).

4. Defendant, RABSA, INC., is an Illinois Corporation doing business as "Al's #1 Italian Beef" in the State of Illinois, including this District. Defendant RABSA, INC. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

5. Defendant Anthony DeGeantano is the President and owner of RABSA, INC.

6. Defendant Anthony DeGeantano is involved in the day to day business operation of RABSA, INC. Defendant Anthony DeGeantano has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

7. Defendants own and operate a restaurant located at 5128 West 95th Street, Oak Lawn, Illinois 60453.

8. Defendants were Plaintiff's "employer(s)" within the meaning of 820 ILCS 105/3 of the IMWL and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. Defendants and/or their predecessor's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, in the years 2005, 2006,

and 2007.

10. During her employment, Plaintiff was regularly directed to work, and did so work, an average of 60-70 hours a week. Defendants failed to keep accurate records of the time worked each week by the Plaintiff in violation of the FLSA and paid Plaintiff an hourly rate of $9.00 - $10.00 an hour.

11. During her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*, or the FLSA, 29 U.S.C. §207.

12. During the statutory period, Plaintiff regularly worked more than 40 hours per week without overtime compensation.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, rising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## COUNT I:
### Violation of the Fair Labor Standards Act - Overtime Wages

14. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

15. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff for all time she worked in excess of forty (40) hours per week.

3

16. Plaintiff was regularly directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

17. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular rate of pay.

18. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks. Instead, Defendants compensated Plaintiff her regular rate of pay for all time worked, including time worked in excess of forty (40) hours per week.

19. Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

20. Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

21. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate of pay for all time which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II:
### Violation of the Illinois Minimum Wage Law – Unpaid Overtime Wages

22. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

23. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

24. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

25. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

26. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her regular rate of pay for time she worked in excess of forty (40) hours per week.

27. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular rate of pay for time worked in excess of forty (40) hours per week.

28. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.  A judgment in the amount of one and one-half times Plaintiffs regular rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B.  Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.  Reasonable attorneys' fees and costs incurred in filing this action; and,

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT III:
### Violation of the Illinois Wage Payment and Collection Act — Unpaid Wages

29. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

30. Defendants were Plaintiffs "employer(s)" as defined in the IWPCA, 820 ILCS 115/1 *et seq.*, and Plaintiff was Defendants' "employee" within the meaning of that Act.

31. Defendants agreed to compensate Plaintiff for her work at the rate agreed to by the parties.

32. Defendants failed to compensate Plaintiff for all time she worked for Defendants at the rate agreed to by the parties in violation of the IWPCA.

33. Defendants violated the IWPCA by refusing to compensate Plaintiff for all time she worked for Defendants.

34. Plaintiff has been damaged by Defendants' failure to compensate her for all time he worked at the rate agreed to by the parties.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due, as provided by the IWPCA;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2; and,

E. Such other and further relief as this Court deems appropriate and just.

## COUNT IV:
### Violation of the Illinois Wage Payment and Collection Act — Unauthorized Deductions

35. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

36. This count arises from Defendants' violation of the IWPCA for taking unauthorized deductions from the earned wages of Plaintiff.

37. During the course of Plaintiff's employment, Defendants regularly made deductions from Plaintiffs wages.

38. Among other reasons, Defendants took deductions from Plaintiff's wages to compensate Defendants for allegedly missing funds.

39. Such deductions (1) were not required by law; (2) were not to Plaintiffs benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

40. Defendants violated the IWPCA, 820 ILCS 115/9, by making illegal deductions from Plaintiff's earned wages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due, as provided by the IWPCA;

7

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2; and,

C. Such other and further relief as this Court deems appropriate and just.

Dated: August 1, 2008                Respectfully Submitted,

/s/ *James B. Zouras*
Attorneys for the Plaintiff
James B. Zouras
Ryan F. Stephan
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f